(No. 4474—

PERRY BODIE, doing business as "THE BODIE LINES" of West Liberty, Iowa, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 20, 1953.*

JOSEF T. SKINNER, Attorney for Claimant.

LATHAM CASTLE, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Perry Bodie, doing business as "The Bodie Lines" of West Liberty, Iowa, seeks to recover from respondent for its alleged negligence, as a result of which a tractor and trailer, driven by an employee of claimant, overturned, causing damage to the equipment and cargo.

The accident occurred on June 5, 1951. Donald Jenks, the driver, testified that on the day before the accident he left West Liberty, Iowa driving a 1948 tractor, and pulling a 1949, 34 foot trailer, loaded with 110 hogs for delivery to Armour and Company in Chicago; that he was driving eastwardly on U. S. Highway No. 34, and, after leaving Mendota, Illinois, and approaching the scene of the accident, he was passed first by a bus and then a car; that as these two vehicles approached a bump in the pavement, due to the repair of a pavement failure at a point about two miles east of Meriden, the bus pulled over to the north side of the pavement and stopped, the car pulled along side the bus on the south side and stopped; that he pulled up behind the bus, but was unable to stop, and then pulled over on the shoulder, and overturned in the ditch on the north side of the highway. He further testified that the accident occurred on said date of June 5th between 5:00 and 5:30 A.M.; that prior to the accident he was driving at a reasonable speed; and, that the drivers in front of him gave no signal of their intention to stop. He further testified that there were no warning signs or flares along the highway warning of the construction work.

At the time of the accident the weather was clear, and, although there is some dispute as to whether it

was daylight or dark, the preponderance of the evidence is daylight, but before sunrise.

Mr. Bodie testified as to the damages, but knew nothing about the facts of the accident.

Ben H. Turner, an insurance representative of Princeton, Illinois, testified as to certain photographs, which were admitted into evidence.

Mr. Zumstein of the Ottawa Highway office testified as to the rules and regulations of the Highway Department.

Alvin Jensen, a highway engineer, testified as to the construction, design and placement of highway signs at and near the point in question on March 14, 1951, although he was not able to state whether they were in position at the time of the accident.

These signs consisted of the following: "Bump" at point of accident; "Rough Pavement" 200 feet east and west; "Slow" 400 feet east and west; and, "Rough Pavement" 1300 feet east and west of the point of accident.

James Leonard, an employee of the Highway Department, testified that the signs and flares were in position on the night of the accident, that he had personally put the flares out, and that after the accident several of them were in the ditch.

Melvin Mathesius, a farmer, who resides at the scene of the accident, testified that the accident occurred at approximately 5:30 A.M. on said date, and that at that time it was daylight. He further testified as to the 2 foot sign, 200 feet west of the scene of the accident.

Ira Fuller of Peru, Illinois, driver of a bread truck, testified that he passed over this highway practically every day; that he passed over same on the morning of June 5th someplace around 4:00 A.M.; that the

signs and flares were all in position, and burning at the time.

To us, it is most significant that both the bus and car slowed down almost to a stop at the bump, which was the result of the pavement failure. This indicates that signs and flares were efficaciously placed to accomplish their purpose, or that the bump was sufficiently visible to be an adequate warning of its own presence. In either event, claimant's driver would be chargeable with contributory negligence, and respondent would not be liable. *Gibbs* vs. *State*, 19 C.C.R. 21; *Kennedy* vs. *State*, 20 C.C.R. 156.

The placing of illuminated warning signs, which was proven by the preponderance of the evidence, would absolve respondent from any liability under the circumstances. *Cruger* vs. *State*, 20 C.C.R. 138; *Rommel* vs. *State*, 20 C.C.R. 220.

In view of the foregoing, an award to claimant must be, and hereby is denied.